(75 App. Div. 463.)

### ORVIS et al. v. H. H. WARNER & CO. et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. NOTES—ACCOMMODATION INDORSER—LIABILITY OF CORPORATION—EVIDENCE.
    Evidence examined, and *held* to support a finding that the advance on a discounted note had been made to the payee as president of a corporation which was the accommodation indorser, relying on his statement that he was acting for the corporation, and that the proceeds were to be used for its benefit, so as to render the corporation liable thereon.

2. SAME—ADMISSIONS.
    The fact that a member of a firm, who had no personal knowledge of the transaction, stated in correspondence that an advance by the firm on a discounted note had been made to the payee, was not inconsistent with the fact that it had been made to him· as president of a corporation which was an accommodation indorser, rather than individually.

Appeal from trial term, New York county.

Action by Charles E. Orvis and another against H. H. Warner & Company, impleaded with others. From a judgment for plaintiffs,

and from an order denying motion for a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph W. Taylor, for appellants.

Herman Aaron, for respondents.

INGRAHAM, J.   The action is brought upon a promissory note dated March 22, 1893, made by Arthur G. Yates, whereby four months after date he promised to pay to the order of H. H. Warner $4,970.62. This note was indorsed by H. H. Warner, the payee, and by H. H. Warner & Company, per John P. Palmer, treasurer. The corporation, H. H. Warner & Company, the second indorsee, alone defended the action.   The defense set up in the answer alleges that the note was made by the maker for the accommodation of Hulbert H. Warner, the payee; that the name of the appellant was indorsed upon said note by some person unauthorized to indorse the same; that the same was made and indorsed as aforesaid for the accommodation of Warner, and that the appellant never received anything therefor or on account thereof; and the answer alleges, upon information and belief, that the plaintiff did not pay for said note or advance thereon the face thereof, but only a small sum, if anything.   The issue thus presented was whether or not the indorsement of the note was made by an officer of the corporation having authority to indorse the same, and whether the plaintiff became a bona fide holder before maturity and for value.   Warner was called as a witness for the plaintiff, and testified that the note was executed by the maker, and indorsed by himself and the treasurer of H. H. Warner & Company; that at that time the witness was president of the corporation, and had been such president for three or four years, Palmer being the treasurer for the same period; that during that period the witness had looked after the finances of the company, and had assisted it with his name and credit; that the witness' relation to the company's finances consisted in negotiating their paper and giving his individual indorsement whenever necessary; that he raised money for it, and sold its paper whenever he found a good market; that he received this note by mail from the treasurer of the company; that he delivered the note in question, indorsed by the appellant, to the plaintiffs, and received therefor a check for $2,500, drawn to his own order; that Palmer, the treasurer of the company, had frequently indorsed promissory notes on behalf of the company, which obligations were recognized by the company and paid by it; that when he wanted money for his individual account he would take it from the company, reporting it to the officers, and having it charged in his account with the company; that he did not remember what he did with the money that he received from the plaintiffs on delivering this note to them; that the money was either used for the benefit of the corporation or by the witness, having it charged to his account with the company; that the corporation at that time had a bank account with the American Exchange Bank, and the corporation was in the habit of having paper outstanding for the three years prior to the

transaction. in question; that prior to this time the plaintiffs had discounted the witness' notes with the indorsement of the corporation, or Yates' notes with the witness' indorsement, and also the indorsement of the corporation; that these transactions were quite frequent, and amounted to many hundred thousand dollars, extending over two or three years; that these obligations had.been paid, with the exception of the note in suit, by the corporation; that in these transactions the plaintiffs sometimes paid the money to the witness and sometimes sent it to the company at Rochester; that the corporation at this time had a board of directors, of which Palmer as treasurer, Ives as secretary, and the witness were the directors, who had entire charge of the business transactions of the corporation; that the note in suit was one that the witness had obtained from Yates in exchange for paper that he (the witness) gave to Yates; that the witness had the general control and charge of the management of the corporation as president, the treasurer generally following his directions.

Charles E. Orvis, one of the plaintiffs, testified that Warner brought this note in suit to him and wanted it discounted; that upon the witness' refusing to discount it, Warner said "he must have $2,500 that day to protect the paper of H. H. Warner & Company falling due at the American Exchange Bank," and relying upon this statement the plaintiffs gave to Warner a check for $2,500; that he had previously had transactions to a large amount with Warner, involving hundreds of thousands of dollars, relating to the same kind of paper, which had all been paid except the note in suit; that he relied explicitly upon this statement made by Warner respecting the paper and the use to which the proceeds should be put.

Palmer, the treasurer of the defendant, was called as a witness for the defendant, and testified that he was the vice president and treasurer of the corporation at the time of the making of this note; that Warner, as president and managing director, was in control of the business of the corporation from its organization down to the time in question; that Warner had been receiving from Yates notes of this character for some time prior to March, 1893, and had delivered to Yates corresponding notes for like amounts; that the corporation never received the proceeds of any of these Yates notes, nor did it receive the proceeds of the note in suit; that he had the management of Warner's private business and private accounts as well as the management of the finances of the company; that what was called this Yates paper was entered in Warner's personal books, and not in the books of the company, and the proceeds of the paper went into Warner's personal account; that the notes were paid by money furnished by Warner, or money of the corporation furnished by the treasurer by Warner's direction; that when the money of the company was used for the payment of these notes it was charged in the account between Warner & Company to Warner's personal account; that a record was kept of all these transactions, and it was all known to the officers of the company; that Warner was the founder of the business transactions of the corporation, and was in full charge of its business while he was president.

Upon this testimony the court submitted two questions to the jury: First, as to whether Warner represented to the plaintiffs that he wanted the money for the purpose of protecting a note of H. H. Warner & Company; and, second, whether the plaintiffs advanced the money to H. H. Warner & Company believing and relying upon the statement that the same was to be used for the purpose of protecting the paper of H. H. Warner & Company, and for the benefit of said company. The plaintiff claimed only the $2,500 and interest advanced by the plaintiff at the time the note was delivered, and the court charged the jury that but for the statement to the plaintiffs that at the time the money was advanced the president desired it to protect the notes of H. H. Warner & Company falling due that day there would be no right of recovery of the plaintiffs against the corporation; that upon the face of the note the plaintiffs were chargeable with notice that it was not a note that was made in the ordinary course of business, or a note that would bind the defendant company, but that it was an accommodation indorsement; that the plaintiffs were bound to show that the defendant company either had the benefit of it, or that it was done under the authority of the board of directors, or that the company had done something by way of estoppel which would prevent its questioning the validity of the note. Upon these two issues the jury found for the plaintiffs; and upon this appeal the defendants attack that finding as being against the weight of evidence, and also claim that certain letters written by one of the plaintiffs, to which attention will be called, estopped the plaintiffs from asserting that the money paid upon this note was advanced to the corporation, or for its benefit.

The note in question was made by a third person to the order of Warner, indorsed by Warner and by the corporation, and was presented to the plaintiffs by Warner, the president of the corporation, and a discount requested for the benefit of the corporation. Warner, as president of the corporation, as the one who had control of its financial affairs, was a proper person to have the possession of the obligations of others, the property of the corporation. He presented this note for discount, and stated that he required the proceeds to meet an obligation of the corporation then coming due. There was nothing to cause the plaintiffs to doubt the accuracy of this statement, and upon the face of the note nothing to justify a suspicion that the note was not the property of the corporation, offered for discount for its benefit. According to the testimony, the statement of Warner was that he was acting for the company, and the proceeds of the note were to be used in the payment of its obligations; that the statement was made by Warner as a part of the transaction, was believed by the plaintiffs, and relied on in the advance that was made to Warner; and it would seem to follow that, if this was the condition, the plaintiffs became bona fide holders of the note for value, and that the corporation became liable upon the note irrespective of any equities existing between the corporation and Warner. The corporation, at whose request and for whose alleged benefit the note was offered for discount, was the last indorser, occupying the position that it would occupy if the note had been a valid obligation of the maker owned by the cor-

poration; and when such note was presented for discount by the president of the corporation on its behalf, with a statement that the proceeds were to be used to take up an obligation of the corporation, and upon the faith of which statement the plaintiffs discounted the note, in the absence of any evidence to show knowledge of the real relation that existed between the corporation and Warner, or that the proceeds were not to be used for the purpose alleged, the corporation would be liable upon its indorsement.

It is claimed by the appellant that the correspondence in relation to this note between the plaintiffs and the appellant was such that the verdict of the jury was against the weight of evidence, or that the plaintiffs were estopped from now claiming that the transaction was one between Warner as president of the corporation and themselves, rather than Warner individually. The statements in these letters were quite proper for the consideration of the jury in determining whether or not the testimony on behalf of the plaintiffs as to this transaction was true; but it did no more than present a question for the determination of the jury. The letters were written by a member of the firm who had no personal knowledge of the transaction, some time after the discounting of the note; and while the language used is susceptible of the construction that the writer understood that the transaction was with Warner individually, and that the advance was made to him rather than to the company, it is not conclusive. The advance was to Warner. Whether it was to him individually or as president of the company was the question to be determined; and the fact that a member of the plaintiffs' firm, who had no personal knowledge of the transaction, stated in this correspondence that the advance had been made to Warner, was not inconsistent with the fact that it had been made to Warner as president of the Company rather than individually. The question is whether the transaction was between the plaintiffs and Warner as president, or between the plaintiffs and Warner for his individual benefit. The testimony before the jury was that the transaction was with Warner as president of the company; and whether this testimony was overthrown by the admissions contained in those letters, and the language used by the writers of them, was a question for the jury.

At the end of the case the defendant moved to dismiss the complaint upon the ground of an estoppel, but there was no request to submit that question to the jury. The only exception that arises is an exception to the determination of the court to submit these two questions to the jury, and, unless this can be said to be an exception to a refusal to direct a verdict for the defendant upon the ground of estoppel, the effect of the estoppel is not raised by any exception in the record. We think it clear that the court would not have been justified in dismissing the complaint or directing a verdict for the defendant upon that ground. As before stated, the question as to whether or not this transaction was with Warner individually, or with Warner as president of the Company, was the crucial point in determining whether or not the plaintiffs were bona fide holders of the note for value. There was no direct statement in the letter upon which the defendant could have relied that Warner acted in the transaction individually, and not as

president of the company. The statement in the letter that the advance was made to Warner was not inconsistent with the fact that he was acting in relation to the paper as president of the company, and that the advance made to him was made to him in that capacity. It would seem to follow that, upon the facts as found by the jury, the appellants were liable for their indorsement, and that the plaintiffs were entitled to recover.

The judgment and order appealed from should therefore be affirmed, with costs. All concur.